STATE EX REL. WENDT, Appellant, vs. BOARD OF TRUSTEES OF THE POLICE PENSION FUND OF THE CITY OF WAUSAU, Respondent.

*October 9—November 4, 1941.*

For the appellant there was a brief by *Clarence E. Barto* of Wausau, attorney, and *Eberlein & Eberlein* of Shawano

of counsel, and oral argument by *Mr. Barto* and *Mr. M. G. Eberlein.*

*E. P. Gorman,* city attorney, for the respondent.

ROSENBERRY, C. J.   Sec. 62.13 (9) (c) 1, Stats., provides for the payment of pension in case of disability and is as follows:

"1. *Disability.*   If any member of the department, while contributing to the fund, shall, within the hours when he was required to be on active duty, *and while engaged in the performance of duty,* or while engaged in the performance of any other duties under the direction of any superior officer, be injured, or contract a disease due to his occupation, *and be found upon examination by a medical officer, if any ordered by the board, or by a licensed physician ordered by the board, to be permanently disabled, physically or mentally, by reason thereof,* so as to render necessary his retirement from service in such department, the board shall retire him and order payments to him monthly of a sum equal to one half his monthly compensation at the date of his retirement."

The petition in this case contains no allegation that the petitioner has been so examined.   It is considered that this case is clearly ruled by the case of *State ex rel. Weber v. Trustees of Policemen's Pension Fund* (1903), 119 Wis. 436, 440, 96 N. W. 825.   While the statutes are not identical they are substantially the same.   In that case, as in this, the petitioner sought a writ of *mandamus* to compel the board of trustees of the policemen's pension fund to award him a pension.   After quoting a provision of the statute which is substantially the same as the provisions of sec. 62.13 (9) (c) 1, the court said:

"In such cases the board is only authorized to 'retire such disabled member from service' in case he was injured 'while in the performance of his duty as such policeman,' *and* after being 'found upon an examination by a medical officer ordered by said board to be physically or mentally permanently dis-

abled *by reason of service in such department* so as to render necessary his retirement from service in such department.' Mere permanent disability while in such service is not enough to authorize such retirement; but, in addition, such medical officer must first find that such disability was 'by reason of service in such department.' There is no claim that the board ever ordered such examination by a medical officer, nor that such medical officer ever found as a fact, or otherwise, that the relator's disability was 'by reason of service in such department.' Such an examination and finding are made, by the express language of the act, conditions precedent to the retirement of such disabled member from service by any action of the board. The same section expressly prohibits such retirement 'unless the member has contracted such disability while in the active service of such department.' Such provisions of the statutes were express limitations upon the powers of the board, and hence could not be waived by the board. True, the permanent disability of the relator is conceded, but that did not give the board power to proceed in disregard of the mandates of the statutes." The writ was quashed.

The petitioner was entitled to a pension under the law or he was not. What the board did or failed to do did not alter petitioner's rights. Under the allegations of the petition he had no right to a pension, there being no allegation in the petition that the necessary finding by a medical officer or physician "ordered by the board" had been made.

We do not find it necessary to consider the contention that the claim is barred by the statute of limitations inasmuch as the claim does not appear to be valid in any event.

*By the Court.*—The order appealed from is affirmed.